UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS A. BUTLER,

       Petitioner,

vs.                                      Case No. 3:04-cv-1037-J-12HTS

JAMES R. MCDONOUGH,[1] et al.,

       Respondents.

_____

**ORDER**

**I. Status**

Petitioner Thomas A. Butler filed a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on September 28, 2004.[2] He is challenging a 2003 Brevard County conviction for two counts of unlawful sexual activity with a minor and one count of contributing to the

---

[1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition was timely filed.

delinquency of a minor.  Two grounds are raised in the Petition: (1) the state court erred in denying Petitioner's claim that his attorney was ineffective for waiving his due process right to be resentenced by his original sentencing judge, and (2) the state court erred in denying Petitioner's claim that his attorney was ineffective for failing to object to an incorrectly calculated sentencing guidelines scoresheet, an unreasonable application. Petition at 5-6.  Petitioner filed a Memorandum of Law (Doc. #10) on October 30, 2004, pursuant to the mailbox rule.

Respondents filed a Response to Petition (Doc. #13) (hereinafter Response) on December 30, 2004.  Petitioner's Response to Respondents' Response to Petition (Doc. #14) (hereinafter Reply) was filed on January 9, 2005, pursuant to the mailbox rule.

## II. Procedural History

Petitioner was charged by an amended information with two counts of unlawful sexual activity with a minor, one count of delivery of a controlled substance to a minor and one count of contributing to the delinquency or dependency of a minor.  Ex. B.[3] Petitioner entered into a plea agreement agreeing to plead no contest to two counts of unlawful sexual activity with a minor and one count of contributing to the delinquency of a minor and to receive a withhold of adjudication and five years probation.  Ex.

---

[3] The Court hereinafter refers to Respondents' Exhibits (Doc. #13), filed December 30, 2004, as "Ex."

- 2 -

C.  A thorough plea proceeding was conducted.  Ex. D.  Victim injury points were discussed and defense counsel argued that victim injury points should be assessed only once.  Id. at 8-11.  The court rejected the objection finding that victim injury points could be assessed for both counts because they were two separate instances of sexual intercourse.  Id. at 11.  The state presented a factual basis for the plea:

> As to Count I, on or about April 21st of 1999, the defendant had sexual intercourse with Victoria Warren, against Florida Statute 794.05, unlawful sexual activity with a minor.
>
> At that time, Victoria Warren was 16 years of age.  The defendant was over the age of 24.  His date of birth being 10/23/71.  He was 27 years old.  This is corroborated by his Mirandised statement to the police.
>
> As to Count III, on or about April 21, 1999, the defendant committed the offense of providing alcoholic beverages to a minor by giving beer to Victoria Warren when he and his co-defendant took her back to their residence at 215 Courtenay Parkway in Merritt Island, Florida.
>
> As to Count IV, on or between January 1st of '99 and April 20, 1999, the defendant had unlawful sexual activity with a minor, again, with Victoria Warren, who at that time was 16 years of age.  The defendant was beyond the age of 24.  His date of birth being 10/23/71, the defendant being 27.  He had sexual intercourse with Victoria Warren and this is corroborated by his Mirandised statement to the police.

Ex. D at 18-19.

Judge Jacobus found there was a factual basis for the plea, that Petitioner was represented by competent counsel, that Petitioner was satisfied with his counsel's work and that the Petitioner freely and voluntarily entered into the plea. Id. at 19. On February 23, 2001, the Judgment/Order of Probation was entered, and Petitioner was sentenced to the terms of the plea agreement. Ex. D, Exhibit "A." Petitioner did not take a direct appeal and he did not move to withdraw the plea agreement.

On August 20, 2002, a violation of probation warrant was issued for Petitioner, alleging eight violations. Ex. E. Petitioner entered an admission of violation of probation and the prosecutor agreed to a low-end guideline sentence, with no probation to follow. Ex. F. At the violation of probation proceedings, Petitioner entered a plea before Judge Silvernail. Ex. G. The low-end sentence of 144.6 months was discussed, id. at 11, and Petitioner pled guilty to the violation of probation. Id. at 12. Petitioner admitted to the violations (moving without permission, a misdemeanor charge for driving on a suspended license, resisting arrest without violence, driving on expired tags, not paying any of the restitution or probation fees and two positive urinalysis tests). Id. The state presented the factual basis as well. Id. at 12-13. The court found there was a factual basis and that the plea was entered into by Petitioner freely and voluntarily. Id. at 13.

On May 28, 2003, Petitioner was sentenced pursuant to the plea to the violation of probation. Ex. H. Judge Silvernail mentioned the original offenses and the significant break Petitioner was given when he was placed on probation. Id. at 9. Petitioner's father spoke for him at sentencing. Id. at 5-11. The court adjudicated Petitioner guilty of the violation of probation and of the underlying offenses. Id. at 12. Petitioner was sentenced to 144.6 months in prison. Id. No appeal was taken.

On January 16, 2004, Petitioner filed a Rule 3.850 motion, which was signed by him on January 13, 2004. Ex. J. He raised two claims: (1) the ineffective assistance of counsel for waiving the defendant's right to be resentenced by his original sentencing judge at his revocation of probation sentencing hearing, and (2) the ineffective assistance of counsel for failing to object to an incorrectly calculated sentencing guidelines scoresheet. Id. The circuit court denied the post-conviction motion rejecting the claims of ineffective assistance of counsel, citing Strickland v. Washington, 466 U.S. 668 (1984). Ex. K.

Petitioner appealed the denial of the Rule 3.850 motion raising two grounds: (1) the lower court abused its discretion in denying ground one of the motion for post-conviction relief, and (2) the lower court abused its discretion in denying the motion for post-conviction relief where counsel did not object to the victim injury points. Ex. L. The Fifth District Court of Appeal affirmed

per curiam on August 3, 2004. Ex. M; Butler v. State, 883 So.2d 289 (Fla. 5th DCA 2004). Petitioner moved for rehearing, arguing that there was an unreasonable application of Strickland v. Washington and that the court overlooked facts and authority in denying his claims. Ex. N. The Motion for Rehearing was denied on September 14, 2004. Id.

### III. Evidentiary Hearing

A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. Smith, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, for the

reasons set forth above, an evidentiary hearing will not be conducted by this Court.

## IV. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA). Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA and has explained:

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
> > A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

> of the evidence presented in state court.

Clark v. Crosby, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted). A general framework of substantial deference governs our review of every issue that the state courts have decided:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.
>
> . . . .
>
> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

> Williams v. Taylor, 529 U.S. 362, 405-07, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005), cert. denied, 126 S.Ct. 803 (2005).

The Eleventh Circuit addressed the application of the "contrary to" clause in reviewing a state court adjudication:

> In applying the "contrary to" prong of AEDPA, we have recognized that where no Supreme Court precedent is on point, "we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court." McIntyre v. Williams, 216 F.3d 1254, 1258 (11th Cir. 2000).

Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir.), cert. denied, 540 U.S. 965 (2003).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

- 9 -

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 125 S.Ct. 2963 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V.  Ineffective Assistance of Counsel

Petitioner has raised claims of ineffective assistance of counsel. As noted previously, the standard of review to be applied is that found in AEDPA. As explained by the Supreme Court of the United States:

> Under 28 U.S.C. § 2254, [Petitioner's] entitlement to federal habeas relief turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under Strickland v. Washington, supra, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1). An "unreasonable application" occurs when a state court "'identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, supra, at 520, 123 S.Ct. 2527 (quoting Williams v. Taylor, 529

> U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'CONNOR, J.)). That is, "the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable." Wiggins v. Smith, supra, at 520-521, 123 S.Ct. 2527 (quoting Williams v. Taylor, supra, at 409, 120 S.Ct. 1495 (internal quotation marks omitted)).
>
> Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice, 466 U.S., at 687, 104 S.Ct. 2052, with performance being measured against an "objective standard of reasonableness," id., at 688, 104 S.Ct. 2052, "under prevailing professional norms." Ibid.; Wiggins v. Smith, supra, at 521, 123 S.Ct. 2527.

Rompilla v. Beard, 125 S.Ct. 2456, 2462 (2005).

The United States Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"  Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

The Eleventh Circuit has expounded upon the deference due to counsel's performance as well as to the state court's decision concerning that performance:

> In assessing [Petitioner's] claim that his trial counsel were ineffective we must keep in mind that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas

> relief from a state court's decision. <u>Woodford</u>, 537 U.S. at 24, 123 S.Ct. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). [Petitioner] must do more than satisfy the <u>Strickland</u> standard. He must also show that in rejecting his ineffective assistance of counsel claim the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

<u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 125 S.Ct. 1847 (2005).

### VI.  Grounds One and Two

In the two grounds currently before the Court, Petitioner asserts that the state court erred in denying his Rule 3.850 motion.  He contends he was denied due process of law when his claims were rejected in the post-conviction proceeding.

Petitioner has not presented issues cognizable on federal habeas corpus review.  The Eleventh Circuit has noted:

> In <u>Spradley v. Dugger</u>, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); <u>see also</u> <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding

> that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. See Spradley, 825 F.2d at 1568.

Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.), cert. denied, 543 U.S. 960 (2004).

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[4] Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991). Here, Petitioner has raised a claim of a violation of state law and procedure. If there was error, it was an error of state law, not a constitutional violation. Petitioner has merely couched his claim in terms of due process. Thus, this claim must fail.

## VII. Ineffective Assistance of Counsel Claims

Alternatively, assuming Petitioner adequately exhausted his ineffective assistance of counsel claims and he is actually raising

---

[4] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

those claims in this proceeding, this Court will give the deference which is due the state court ruling. The trial court found:

> In the subject motion for postconviction relief, the Defendant first alleges under ground one that his counsel was ineffective for waiving his right to be sentenced by Judge Bruce Jacobus, the judge assigned to his plea and sentencing on the underlying offenses. The Defendant has misinterpreted and misapplied the case law on this subject. Judge Preston Silvernail accepted the Defendant's plea on the violation of probation in the above-styled case, and he also sentenced the Defendant on the violation. (See Exhibits "D" & "E"). Distinguishable from the line of cases cited by the Defendant in his post-conviction motion beginning with <u>Persaud v. State</u>, 821 So.2d 411 (Fla. 2d DCA 2002), the proceeding on May 28, 2003 was not a re-sentencing and this is not a case where the judge at the trial was different than the sentencing judge. To prevail on an ineffective assistance of counsel claim, the Defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Defendant has failed to satisfy either requirement under <u>Strickland</u> for post-conviction relief.

Ex. K at 2. The court continued:

> As his second claim for post-conviction relief, the Defendant alleges that counsel was ineffective for failure to object to his sentencing guidelines scoresheet which the Defendant alleges improperly assesses 160 points for sexual penetration. Again, the Defendant has failed to fulfill both prongs of <u>Strickland</u> for post-conviction relief. The Defendant was charged and convicted by virtue of a guilty plea of two counts of unlawful sexual activity with a minor by placing his penis in the victim's vagina. This qualifies as sexual penetration for purposes of the

> guidelines scoresheet. See Anthony v. State, 854 So.2d 744, 748 (Fla. 2d DCA 2003) (explaining "penetration" requires some entry into relevant part, however, slight.) As the Defendant was convicted of two counts, he was properly assessed 160 points. (See Exhibit "F," Scoresheet, Amended Information, Probable Cause Affidavit and Exhibit "A," 11/14/2000 Plea Transcript on underlying offenses.)

Id. at 3.

First it is clear that, in this case, the state court adjudicated Petitioner's claims of ineffective assistance of counsel on the merits, and thus, there is a qualifying state court decision. See Wright, 278 F.3d at 1255-56. Having found that the state court determination was a qualifying decision, the Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

At the outset, the Court notes that in assessing Petitioner's claims of ineffectiveness of trial counsel, the state trial court utilized the standards set forth in Strickland. Upon review, the state court's decision did not contradict governing law. In addition, there is no Supreme Court case favorable to Petitioner that is materially indistinguishable from the facts of this case.

The second inquiry, whether the state court's application of clearly established federal law was objectively reasonable, is also

addressed. Upon review of the record before the Court, the state court's application of the clearly established law regarding the effectiveness of trial counsel was objectively reasonable. Not only did the state court identify the correct standard from Supreme Court case law, the state court reasonably applied the standard to the facts of Petitioner's case.

The ruling of the state trial court in denying the above-mentioned claims of ineffective assistance of counsel raised in the Rule 3.850 Motion resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to relief on his claims of ineffective assistance of counsel raised in grounds one and two because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the claims of ineffective assistance of counsel.

Any claims not specifically addressed are found to be without merit. Accordingly, it is now,

**ORDERED AND ADJUDGED:**

1.  The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and the Clerk of the Court shall enter judgment denying the Petition and dismissing this case **with prejudice**.

2.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this  28th  day of March, 2006.

*Howell W. Melton*
HOWELL W. MELTON
United States District Judge

sa 3/17
c:
Thomas A. Butler
Ass't A.G. (Wall)